**Ainsworth C. JACKSON, et al., Plaintiffs,**

**v.**

**H. R. NICHOLSON CO., et al., Defendants.**

**Civ. A. No. 82–1363.**

United States District Court, District of Columbia.

July 19, 1982.

---

Ainsworth C. Jackson et al., pro se.

Morris Kletzkin, Friedlander, Misler, Friedlander, Sloan & Herz, Washington, D.C., for defendants.

## ORDER

JOYCE HENS GREEN, District Judge.

Before the Court is the motion of defendant H.R. Nicholson Company to dismiss the complaint or for judgment on the pleadings. For the reasons which follow, the Court shall enter judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, in favor of this defendant.

Plaintiffs allege that defendant Nicholson Co. produces an imitation grape beverage base containing saccharin, that the federal government has determined that saccharin poses health hazards to humans, including plaintiffs, that despite the defendant's knowledge of such, it continues to sell the product to the District of Columbia Department of Corrections, and that defendant Nicholson Co. has deliberately failed to notify plaintiffs of such health hazards, "in furtherance" of a "conspiracy" between defendant Nicholson Co. and the governmental defendants "to commit the crime of 'Genocide'" against plaintiffs and

other inmates at facilities of defendant D.C. Department of Corrections. Neither of the plaintiffs allege that they have suffered any physical injury directly resulting from the condition of which they complain in their suit.

Defendant Nicholson Co. denies that it intentionally withheld information regarding the product at issue and denies that it was engaged in "a conspiracy to eliminate a national ethnical, racial, or religious group," and accordingly suggests that such language in the complaint is scandalous and impertinent and should be ordered stricken. Nothing in the papers filed by plaintiffs in this case suggests any facts to support their mere allegation of such a conspiracy. Moreover, plaintiffs do not even enlighten the Court as to what "ethnical, racial, or religious group" or groups are the subject of the alleged conspiracy to commit "genocide." As such, the Court shall, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, strike all references in the complaint to a conspiracy to commit the crime of "genocide" or to "eliminate" an ethnic, racial, or religious group, such language being unsupported, immaterial, impertinent, and scandalous. The Court now may consider whether defendant Nicholson Co. has breached any duty owed it to plaintiffs.

Contrary to the allegation in the complaint, it is, as a matter of law, not true that the substance saccharin "was taken off the market by the Food & Drug Administration because it was hazardous to the health of human beings." The Saccharin Study and Labeling Act, Pub. L. No. 95–203, 91 Stat. 1451 (1977), among other things, prohibited the Food and Drug Administration from prohibiting or restricting the sale or distribution of saccharin for a period following the enactment of the act. Pub. L. No. 95–203 § 3, 91 Stat. at 1452. That prohibition has been extended until August 14, 1983. Saccharin Study and Labeling Act Amendment of 1981, Pub. L. No. 97–42, § 2, 95 Stat. 946 (1981).

■ However, because of the possibility that saccharin *may* be a health hazard to humans, Congress enacted certain laws requiring that products containing saccharin be labeled with appropriate warnings and that stores retailing such products display similar warning signs. Title 21 U.S.C. § 343(*o*)(1) requires that food products containing saccharin bear this warning: "USE OF THIS PRODUCT MAY BE HAZARDOUS TO YOUR HEALTH. THIS PRODUCT CONTAINS SACCHARIN WHICH HAS BEEN DETERMINED TO CAUSE CANCER IN LABORATORY ANIMALS." This warning appears conspicuously on the label of defendant's product, attached as an exhibit to plaintiffs' complaint. Defendant Nicholson Co. therefore has complied with the requirements of this section.

■ Plaintiffs, in their opposition to the motion to dismiss, argue that the Nicholson Co. is also subject to the requirement, which plaintiffs find at 42 Fed.Reg. 62,160, 62,161 (1977), that each manufacturer of food containing saccharin provide retail establishments with notices containing the appropriate warning, to be displayed in the retail establishments where the manufacturer's product is sold. This requirement is codified at 21 U.S.C. § 343(p). However, as also explained in the Federal Register, this section only applies to foods containing saccharin which are "offered for sale, but not for immediate consumption, at a retail establishment." 21 U.S.C. § 343(p)(1). From the allegations in the complaint, it is evident that plaintiffs do not receive the product of the Nicholson Co. at a retail establishment, and that the D.C. Department of Corrections does not offer the product for sale to the plaintiffs for later consumption. Consequently, defendant Nicholson Co., with respect to the matters alleged herein, has not violated this section.

■ Defendant Nicholson Co. being in violation of no relevant statute, the remaining issue is whether it had a duty to warn plaintiffs directly of the potential effect of saccharin. As the District of Columbia Court of Appeals stated in *Russell v. G.A.F. Corporation*, 422 A.2d 989, 992 (D.C.1980), the factors to consider in determining whether a warning about a product given to a middleman (here, the Department of

Corrections), but not to the person ultimately at risk, is adequate are as follows: (1) the risk of injury; (2) the seriousness of harm which might result; (3) the practicability and expense of placing a warning directly on the product; and (4) the reliability of the middleman as a conduit of the warning. Noting that saccharin has not conclusively been proven to be harmful to humans, *see, e.g.* S.Rep. No. 95–353 (1977), *reprinted in* 1977 U.S. Code Cong. & Admin. News 3921, 3924 (report on Saccharin Study and Labeling Act, noting "no reliable quantitative estimates" of risk of saccharin causing cancer in humans), the expense and impracticability of requiring the Nicholson Co. to place warnings on the product as it is served to plaintiffs (*i.e.*, mixed with water and served in glasses), and the fact that the middleman is a governmental entity, the Court finds that under the test set forth in *Russell*, defendant Nicholson Co. had no duty to notify plaintiffs directly of the possible risks of the product. By placing the statutorily-required warning on the containers of its product, which was sufficient to convey the proper information to the Department of Corrections, who is entrusted with plaintiffs' care, defendant Nicholson Co. has complied with all duties imposed upon it regarding the distribution of its product.

In light of the foregoing, it is, by the Court, this 19th day of July, 1982,

ORDERED, that judgment be entered in favor of defendant H.R. Nicholson Company and against plaintiffs Ainsworth C. Jackson and Maurice S. Young, and it is

FURTHER ORDERED, that all references in the complaint to a conspiracy to commit the crime of "genocide" or to "eliminate" an ethnic, racial, or religious group shall be and hereby are stricken as immaterial, impertinent, and scandalous, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.